UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOTT NORMAN and MOLLIE NORMAN                           PLAINTIFFS

V.                                           CIVIL ACTION NO.1:06CV943 LTS-RHW

ALLSTATE PROPERTY AND CASUALTY INS. CO. and
ROBERT K. PARKS                                          DEFENDANTS

### MEMORANDUM OPINION

The Court has before it the plaintiffs' Motion [5] To Remand. For the reasons set out below, this motion will be denied and the claim against Defendant Robert K. Parks will be dismissed.

### Undisputed Facts

This is an action to recover insurance benefits for property damage that occurred during Hurricane Katrina. Plaintiffs Scott and Mollie Norman are the named insureds on a policy of homeowners insurance (policy number 915 304 161) sold by Allstate Property and Casualty Insurance Company (Allstate) through Defendant Robert K. Parks (Parks), a local agent. The insured property is the plaintiffs' dwelling located at 20047 Commission Road, Long Beach, Mississippi. The policy has coverage limits of $82,645 (Dwelling Protection), $8,265 (Other Structures Protection) and $57,852 (Personal Property Protection). The policy also provided coverage for additional living expenses up to twelve months.

The complaint alleges that the insured property was extensively damaged during the storm. Allstate paid benefits of $48,085.34 for all coverages under the plaintiffs' policy. Plaintiffs contend that their property sustained storm damage in excess of the amount Allstate has paid. Allstate contests the plaintiffs' right to additional benefits on the grounds that its policy exclusion for "earth movement" applies to some of the damage the plaintiffs are claiming. Thus, at the heart of this controversy is a difference of opinion whether certain specific damage is covered under the Allstate policy. This case differs from most Hurricane Katrina property damage cases in that the difference of opinion is not over whether wind or water caused the damage in dispute, but over whether the damage is attributable to the storm winds or to "settling," a type of earth movement that Allstate contends is excluded under the terms of its policy.

The plaintiffs' theories of recovery against Parks, a non-diverse defendant for purposes of ascertaining this Court's subject matter jurisdiction under 28 U.S.C. §1332, are based on allegations of negligence and negligent misrepresentation. Plaintiffs allege that Parks negligently failed to sell them a policy that covered the damage Allstate claims to be excluded by its homeowners policy.

The Allstate homeowners policy was originally issued on or about May 3, 2004, and, at the time it was renewed, in 2005, the policy limits were increased. Thus, by the time of Hurricane Katrina, the policy had been in effect more than one year. The exclusion at issue provides (at page 6 of Exhibit B to the Complaint) that Allstate does not cover losses consisting of or caused by:

*Earth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water.*

Plaintiffs do not allege that they specifically requested coverage for damages attributable to earth movement, and it appears that the plaintiffs contend that all of the damage to their home was caused by the storm winds and rain and not by earth movement. The essence of the plaintiffs' claim against Parks is that he failed to comply with the plaintiffs' request for "complete coverage."

Allstate asserts that the plaintiffs obtained the "complete coverage" they requested and that even had a specific request for earth movement coverage been made, Parks would have been unable to fulfill that request. (Affidavit of Robert K. Parks, Exhibit A to Allstate Memorandum in Support of Its Opposition To Plaintiffs' Motion To Remand) Unlike flood insurance, separate coverage for "earth movement" is not often sought by homeowners nor is this type of risk covered under generally known insurance program like the National Flood Insurance Program.

<u>Legal Theory Supporting Removal - Fraudulent Joinder</u>

Allstate's citizenship is diverse from the plaintiffs'; Parks's citizenship is not. If Parks is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship.

Removal is premised on Allstate's assertion that Parks has been mis-joined as a defendant, and, having made that assertion, Allstate bears the burden of proving it to be true. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Allegations of the Complaint

The complaint alleges that the coverage Parks secured for the plaintiffs does not cover all of the damage that the insured property sustained during Hurricane Katrina. If the plaintiffs prove, to the satisfaction of the finder of fact, that all of the damage to the insured property was attributable to the storm winds and rains, and not to settling or some other form of excluded earth movement, they will prevail on the merits of their claim against Allstate. If Allstate has the better of this dispute, the plaintiffs will have an uninsured loss, but I do not believe the plaintiffs have alleged sufficient facts to support a finding that this loss would be attributable to any negligence or misrepresentation on the part of Parks. The plaintiffs do not allege that Parks failed to secure the coverage they sought for storm damage, and the plaintiffs do not allege that Parks made any representation to them at all concerning the earth movement exclusion in their policy.

Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). The agent is not under a duty to secure a type of coverage that is not generally available in the insurance market. See *Haggans v. State Farm Fire and Cas. Co.*, 803 So.2d 1249 (Miss.2002). I find this rule of law particularly applicable where the coverage in question, i.e. coverage for "earth movement," is not of a type that is generally known and generally available in the insurance market and where the customer makes no specific request for this type of coverage.

Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.  The plaintiffs have not alleged that Parks gave them any specific advice or that Parks made any specific representations concerning the coverage provided by the Allstate policy.

Considered in the light most favorable to the plaintiffs, the allegations of the complaint are insufficient, in my opinion, to state a cause of action against Parks for either negligence in the procurement of the Allstate homeowners policy or for any negligent misrepresentation.  Parks is not alleged to have lead the plaintiffs to believe that their homeowners coverage was not exactly as it was stated in their policy.  The issue of the "earth movement" exclusion was never discussed, and no specific request for this type of coverage was made.  Parks has had no role in the adjustment of the plaintiffs' damage claim.  The real dispute in this case is between the plaintiffs and Allstate over the question of the cause of the damage at issue and whether that damage is covered under the Allstate policy.

Accordingly, I will deny the motion to remand, and I will dismiss the complaint against Defendant Parks.

An appropriate order will be entered.

**DECIDED** this 21st day of May, 2007.

              s/ L. T. Senter, Jr.
              L. T. SENTER, JR.
              SENIOR JUDGE